UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-CV-119-HRW

HORACE CORNELIU MILES, JR.                          PETITIONER

VS:            **MEMORANDUM OPINION AND ORDER**

TERRY O'BRIEN                                            RESPONDENT

Horace Coreneliu Miles, Jr., the petitioner, is currently confined at the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland"). He has submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. He has paid the $5.00 filing fee [Record No. 4].

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

RESPONDENT

The named respondent is Terry O'Brien, Warden of FCI-Ashland.

-1-

## CLAIMS
### 1. First Miles Petition

The petitioner filed a previous §2241 habeas corpus petition in this Court on July 12, 2004, being *Horace Corneliu Miles, Jr. v. Terry O'Brien*, Ashland Civil Action No. 04-CV-123-HRW ("the First Miles Petition").[1] The petitioner stated in the First Miles Petition that on March 3, 1998, this Court sentenced him to a 121-month term of imprisonment in connection with a drug offense. He alleged in the First Miles Petition that because the Bureau of Prisons (BOP) wrongly computes good conduct time credits for prisoners, including himself, he was serving a longer sentence than either Congress or his sentencing court intended.

Specifically, the petitioner alleged in the First Miles Petition that 18 U.S.C. §3624(b), which provides for awards of good conduct time to prisoners, allows an award of up to 54 days per year. He argued that if this amount were applied to his 121-month sentence, he would have been entitled to a total of 540 days for the ten years and 4.5 days for the additional one month, for a total of 544.5 days, or 15% of his sentence. The petitioner complained, however, that the BOP computes good conduct time at a rate of 47 days per year, thereby reducing to 470 the maximum number of good conduct days applicable to his ten-year sentence. He claimed that he was being illegally forced to serve an extra 70 days over the 10-year period.

On September 28, 2004, the Court entered a Memorandum Opinion and Order dismissing without prejudice the First Miles Petition. The basis of the dismissal was that the petitioner had failed to demonstrate that he had failed to exhaust the BOP's administrative remedies set forth in 28 C.F.R. §542.10-19 (1988) [*See* 04-CV-123, Mem. Op. & Ord., Record No.3].

---

[1] The undersigned presided over the First Miles Petition.

## 2. The Instant Petition

The petitioner asserts the same claims in the instant proceeding as he did in the First Miles Petition. He again challenges the manner in which the Bureau of Prisons ("BOP") calculates good time credit. According to the petitioner, under U.S.C. §3624(b), he is entitled to receive good time credit of 54 days for each year of his term of imprisonment. However, he states that the BOP only awards good time credit based on the actual time of incarceration which results in credit of up to 274 days (or an average of 47 days per year) based upon 28 C.F.R. §523.20 and the Bureau of Prisons Program Statement 5880.28.

The petitioner asserts that the BOP's interpretation of the relevant statutory language is contrary to the intent of Congress and the plain language of the statute. He also argues that his interpretation is consistent with the remainder of the statute and, therefore, should be adopted by the Court. He argues that the BOP's allegedly incorrect misinterpretation of the statute creates a liberty issue, since he will be required to serve a much longer sentence than the term of imprisonment imposed (less good time credits) by this Court. He essentially contends that the BOP's interpretation creates a "legal fiction" which does an injustice to him.

The petitioner attached documents evidencing limited, but far from complete, efforts at exhaustion. His attachments reflect that although he at various times in late 2004 submitted a BP-9 "Request for Administrative Remedy" to the respondent, he failed to take the following necessary steps: filing a BP-10 appeal to the Regional Director, and, if not satisfied there, filing an appeal of that decision to the Office of General Counsel. *See* 28 C.F.R. §542.15.

## DISCUSSION

The Court could clearly dismiss the instant proceeding without prejudice based upon the fact that the petitioner has failed to follow all of the BOP's exhaustion procedures. The Court determines, however, that the claim is simply not valid on the merits, and that dismissal *with* prejudice is the proper disposition.

In a case which originated in this Court, *Petty v. Stine*, London Civil Action No. 05-63-DCR, (Hon. Danny C. Reeves, presiding), petitioner Petty challenged the manner in which the BOP calculated good time credits. Petty raised the identical issue that petitioner Miles raised in both his previous petitions and in the instant proceeding: that the BOP's calculation method deprives federal prisoners seven days of good time credit per year.

After careful evaluation of the issue, Judge Reeves dismissed Petty's petition, noting that "a number of reported and unreported cases have upheld the BOP' method of calculating good time credits and have rejected the petitioner's arguments. *See Perez-Olivo v. Chavez*, 394 F.3d 45 (1ª Cir. 2005) (noting that "the Sixth Circuit has also upheld the BOP's method of calculation in two unpublished opinions"); *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1271 (9th Cir. 2001); *Moore v. Bureau of Prisons*, 2004 U.S. Dist. LEXIS 23272, (S. D. N. Y. Nov. 17, 2004); *Young v. Ashcroft*, 2004 U.S. Dist. LEXIS 24305 (D. Or. Nov. 16, 2004); *Sash v. Zenk*, 344 F. Supp. 2d 376 (E. D. N.Y. 2004); *Graves v. Bledsoe*, 334 F. Supp. 2d 906, 908 (W.D. Va. 2004)." [*See* 05-CV-63-DCR, Mem. Op. & Order, Record No.4, pp. 2-3.] [2]

---

[2]

Judge Reeves cited the following other authority on the point: *Pasciuti v. Drew*, 2004 U.S. Dist. LEXIS 10352 (N.D.N.Y. June 2, 2004); *Brown v. Hemingway*, 53 Fed. Appx. 338, 2002 U.S.App. LEXIS 26112 (6th Cir. 2002); *Williams v. Lamanna*, 20 Fed. Appx. 360, 2001 U.S.App. LEXIS 20756 (6th Cir. 2001); *White v. Scibana*, 390 F.3d 997 (7th Cir. 2004); *Carter v. Jeter*, 2005 WL 65960 (N.D. Tex. Jan. 11, 2005); *Whitfield v. Hollingsworth*, 2004 WL 3049763 (D.Minn. Dec. 30, 2004).

On appeal, the Sixth Circuit affirmed Judge Reeves' dismissal of Petty's habeas petition in a succinct, published opinion dated September 21, 2005. The Sixth Circuit stated as follows:

> The BOP's interpretation of the statute is reasonable. *Brown v. Hemingway*, No. 02-1948, 2002 WL 31845147, at *1 (6th Cir. Dec.16, 2002) (unpublished); *see also Williams v. Lamanna*, No. 01-3198, 2001 WL 1136069, at *1 (6th Cir. Sept.19, 2001) (unpublished). For further discussion, *see Yi v. Fed. Bureau of Prisons*, 412 F.3d 526 (4th Cir.2005) (unpublished); *O'Donald v. Johns*, 402 F.3d 172, 173-74 (3d Cir.2005); *Perez-Olivio v. Chavez*, 394 F.3d 45, 47-54 (1st Cir.2005); and *White v. Scibana*, 390 F.3d 997, 999-1003 (7th Cir.2004), *cert. denied*, --- U.S. ----, 125 S.Ct. 2921, 162 L. Ed.2d 297 (2005) (all upholding the BOP interpretation).

*Petty v. Stine*, 2005 WL 2258042, *1.

It is unnecessary for the Court to elaborate further on the petitioner's claim. The highest appellate authority in this Circuit rejected the same claim two weeks ago. For this reason, the Court dismisses Miles' §2241 petition, with prejudice, as frivolous. Further, the Court will not certify that an appeal of this decision would be taken in good faith.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that this action is **DISMISSED WITH PREJUDICE**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the respondent.

This 11th day of October, 2005.

HENRY R. WILHOIT, JR.
SENIOR U. S. DISTRICT JUDGE